U.S. Bank N.A. v Kerendian (2024 NY Slip Op 05570)

U.S. Bank N.A. v Kerendian

2024 NY Slip Op 05570

Decided on November 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2022-08046
 (Index No. 5341/14)

[*1]U.S. Bank National Association, etc., respondent,
v
Haleh Kerendian, appellant, et al., defendants.

Sean Sabeti, Great Neck, NY, for appellant.
Greenberg Traurig, LLP, New York, NY (Sarah D. Lemon and Patrick G. Broderick of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Haleh Kerendian appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Nassau County (Diccia T. Pineda-Kirwan, J.), entered November 10, 2022. The order and judgment of foreclosure and sale, upon an order of the same court (Thomas A. Adams, J.) entered May 3, 2019, among other things, granting those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Haleh Kerendian and for an order of reference and denying that branch of that defendant's cross-motion which was pursuant to CPLR 3215(c) to dismiss the amended complaint insofar as asserted against her as abandoned, and upon an order of the same court (Diccia T. Pineda-Kirwan, J.) dated August 15, 2022, inter alia, denying that defendant's motion, among other things, pursuant to CPLR 5015(a)(4) to vacate her default in answering or appearing in the action, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that on the Court's own motion, the notice of appeal from the order dated August 15, 2022, is deemed to be a premature notice of appeal from the order and judgment of foreclosure and sale (see CPLR 5520[c]; Wells Fargo Bank, N.A. v Kohli, 173 AD3d 941); and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Haleh Kerendian and for an order of reference are denied, that branch of that defendant's cross-motion which was pursuant to CPLR 3215(c) to dismiss the amended complaint insofar as asserted against her as abandoned is granted, and the order entered May 3, 2019, is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant Haleh Kerendian.
In May 2014, the plaintiff commenced this action against the defendant Haleh Kerendian (hereinafter the defendant), among others, to foreclose a mortgage on certain real property. According to the Supreme Court, the defendant failed to timely answer the complaint. [*2]Thereafter, the plaintiff was granted leave to amend the complaint, and an amended complaint was deemed served upon the defendant on January 11, 2018. The defendant did not serve an answer to the amended complaint.
On or about February 18, 2019, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendant and for an order of reference. The defendant cross-moved, among other things, pursuant to CPLR 3215(c) to dismiss the amended complaint insofar as asserted against her as abandoned. By order entered May 3, 2019, the Supreme Court, inter alia, granted those branches of the plaintiff's motion and denied the defendant's cross-motion.
Thereafter, the defendant moved, inter alia, pursuant to CPLR 5015(a)(4) to vacate her default in answering or appearing in the action. In an order dated August 15, 2022, the Supreme Court, among other things, denied that branch of the defendant's motion. Then, by order and judgment of foreclosure and sale entered November 10, 2022, the court granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property. The defendant appeals.
Pursuant to CPLR 3215(c), "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed." "'It is not necessary for a plaintiff to actually obtain a judgment within one year after the default to avoid a CPLR 3215(c) dismissal, so long as proceedings were undertaken to do so during the initial year after the defendant's default'" (Shields v Cohen, 222 AD3d 1019, 1020, quoting Citibank, N.A. v Kerszko, 203 AD3d 42, 51; see U.S. Bank N.A. v Jerriho-Cadogan, 224 AD3d 788, 789). "Furthermore, [t]he failure to timely seek a default may be excused if 'sufficient cause is shown why the complaint should not be dismissed' (CPLR 3215[c]), which requires the plaintiff to proffer a reasonable excuse for the delay in timely moving for a default judgment and to demonstrate that the cause of action is potentially meritorious" (U.S. Bank N.A. v 63 Holiday Dr. Realty Corp., 230 AD3d 713, 714 [internal quotation marks omitted]; see Deutsche Bank Natl. Trust Co. v O'Connor, 223 AD3d 872, 874).
Here, the plaintiff did not take proceedings for the entry of judgment during the one-year period following the defendant's default in answering either the original complaint or the amended complaint and failed to proffer a reasonable excuse for its delay. The plaintiff's explanation that it was conducting additional investigative work and awaiting an affidavit in support of its motion, inter alia, for an order of reference was vague and unsubstantiated (see HSBC Bank USA, N.A. v Cross, 205 AD3d 779, 782; Chase Home Fin., LLC v Dasuja, 204 AD3d 638, 640). Since the plaintiff failed to proffer a reasonable excuse, this Court need not consider whether the plaintiff had a potentially meritorious cause of action (see Chase Home Fin., LLC v Dasuja, 204 AD3d at 640). Accordingly, the Supreme Court should have granted that branch of the defendant's cross-motion which was pursuant to CPLR 3215(c) to dismiss the amended complaint insofar as asserted against her as abandoned and, for the same reason, should have denied those branches of the plaintiff's motion which were for leave to enter a default judgment against her and for an order of reference (see Wells Fargo Bank, N.A. v Smith, 218 AD3d 832, 836; HSBC Bank USA, N.A. v Cross, 205 AD3d at 782; US Bank N.A. v Davis, 196 AD3d 530, 535).
The parties' remaining contentions need not be reached in light of our determination.
IANNACCI, J.P., MALTESE, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court